# NO. 12-13-00131-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROSS RICHARDSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ross Richardson appeals his conviction for aggravated assault with a deadly weapon against a public servant, for which he was assessed a sentence of imprisonment for five years. Appellant raises one issue challenging the legal sufficiency of the evidence supporting the conviction. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon against a public servant and pleaded "not guilty." The matter proceeded to a jury trial.

The evidence at trial shows that on December 31, 2010, Appellant was burning leaves at his home during a burn ban. After a citizen reported the violation, deputy fire marshal George Jansky responded to the location and asked Appellant to put out the fire. Appellant refused to do so. Jansky saw that Appellant was holding a gun, so he left and notified dispatch.

Sheriff's deputies Roy May and Lorenzo Simpson arrived shortly thereafter to investigate. The investigation quickly became a standoff between the deputies and Appellant, who was still armed and pointed his gun at Deputy May's face. After several seconds, Appellant lowered the gun and the deputies took him into custody.

Ultimately, the jury found Appellant "guilty" as charged. The trial court assessed his punishment at imprisonment for five years. This appeal followed.

EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is legally insufficient to support his conviction because the State failed to disprove self-defense beyond a reasonable doubt.

## Standard of Review

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

## Applicable Law

Subject to certain exceptions, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011). A "reasonable belief" is one "that would be held by an ordinary and prudent man in the same circumstances as the actor." *Id.* § 1.07(a)(42) (West Supp. 2013).

A defendant bears the burden of producing some evidence to support a theory of self-defense. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). "Once the defendant produces such evidence, the State then bears the burden of persuasion to disprove the raised defense." *Id.* "The burden of persuasion is not one that requires the production of evidence[;] rather it requires only that the State prove its case beyond a reasonable doubt." *Id.*

2

"When a jury finds the defendant guilty, there is an implicit finding against the defensive theory." *Id.*

## Analysis

Appellant argues that he acted in self-defense because he pointed his gun at Deputy May in response to the deputies' drawing their guns, which he perceived as unlawful force. He testified that he was seated outside with his gun in his lap when the deputies arrived. He stated that the deputies waved and spoke to him and his wife as they approached. Appellant then stood up, holding the gun straight down in his left hand. The deputies began yelling at him to drop the gun, and began drawing their guns at the same time. Appellant yelled back, "don't do it" three times, switched the gun to his right hand, and pointed it at Deputy May. He continued pointing the gun at May for about five or six seconds, telling him, "[P]ut your gun up and get off my property. You have no business here," and, "You don't have a warrant, leave my property." He then put the gun in his belt behind his back. The deputies wrestled him to the ground, took his gun, and placed him in handcuffs.

Like Appellant, the deputies testified that Appellant was seated when they arrived. Contrary to Appellant's testimony, however, they testified that Appellant's hands appeared to be empty while he was seated and that he drew his gun from behind him as he stood up. They stated that after Appellant drew his gun, they drew theirs and yelled at him to drop the gun. After the deputies and Appellant pointed their guns for several seconds, Appellant placed the gun behind his back and the deputies placed him in custody.

The videotape evidence shows the deputies walking toward the location where Appellant was seated. While walking, they wave to Appellant and his wife and greet them. The videotape shows Appellant rising out of his seat, and Deputy May telling him in a calm voice to put his gun down. It then shows some movements that are not clear in the video, but based on testimony from the three men, they could be interpreted as all three pointing their guns. Appellant begins saying, "don't do it," and the deputies begin telling him in more excited voices to put his gun down. Appellant repeatedly orders the deputies off his property. The deputies finally move in, wrestle him to the ground, and place him in handcuffs.

Considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding beyond a reasonable doubt that Appellant did not reasonably believe drawing his gun was immediately necessary to protect him from the deputies. It is the

3

province of the jury to assess the credibility of the witnesses and the weight to be given their testimony, and to resolve conflicts in the evidence. The evidence is legally sufficient to support the jury's implied finding that the State disproved Appellant's self-defense claim beyond a reasonable doubt. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2014

NO. 12-13-00131-CR

**ROSS RICHARDSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 11-CR-040)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*